# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Buccellati Holding Italia SPA and Buccellati, Inc. ) | |
| ) | |
| ) | |
| Plaintiffs ) | |
| ) Civil Action No. 11 CIV 7268(PGG) | |
| v. ) | |
| ) | |
| Laura Buccellati, LLC, Laura Buccellati, ) | |
| Lilian Azel, ABC Corporation 1-10, and ) | |
| John Does 1-10 ) | |
| ) | |
| ) | |
| Defendants ) | |
| ) | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PROCEDURAL BACKGROUND ..................................................................................... 1

ARGUMENT

      I.     LEGAL STANDARDS FOR DETERMINING ENTITLEMENT AND AMOUNT OF ATTORNEY'S FEES UNDER 15 USC § 1117(a) OF THE LANHAM ACT AND THIS COURT'S INHERENT AUTHORITY, AND COSTS UNDERFRCP 54(d) (1) ..................................................... 1

      II.    THE FACTS IN THIS LEGAL ACTION DEMONSTRATE THAT DEFENDANTS' ARE ENTITLED TO ATTORNEY'S FEES PURSUANT TO 15 USC § 1117(a) OF THE LANHAM ACT AND THE COURT'S INHERENT AUTHORITY. .............................................................. 5

CONCLUSION .................................................................................................................. 13

# TABLE OF AUTHORITIES

Page

**Cases**

*Altvater Gessler-J.A. Baczewski International (USA) Inc. v. Sobieski Destylarnia S.A.*,
2011 WL 2893087 (S.D.N.Y. 2011)......................................................................................2

*Aromatique, Inc. v. Gold Seal, Inc*,
28 F.3d 863 (8th Cir. 1994) ...........................................................................................2, 4

*Cairns v. Franklin Mint Co.*,
115 F. 2d 1185 (C.D. Cal. 2000)....................................................................................2, 3

*Conopco, Inc. v. Campbell Soup Co.*,
95 F.3d 187 (2d Cir. 1996)................................................................................................2

*Door Sys., Inc. v. Pro-line Door Sys., Inc.*,
126 F.3d 1028 (7th Cir. 1997) .......................................................................................2, 3

*Farberware Licensing Co., LLC v. Meyer Marketing Co., Ltd.*,
428 Fed.Appx. 97 (2d Cir. 2011)....................................................................................2, 5

*lSI Brands, Inc. v. KCC Int'l, Inc.*,
458 F. 2d 81 (E.D.N.Y. 2006)...........................................................................................10

*MatteI, Inc. v. Anderson*,
No. 04-CV- 5275 (RCC), 2005 WL 1690528 (S.D.N.Y. 2005) .....................................2, 9

*Millennium Enterprises, Inc. v. Millennium Music, LP*,
33 F. 2d 907 (D. Or. 1999)...........................................................................................2, 10

*New Sensor Corp. v. CE Distribution LLC*,
367 F. 2d 283 (E.D.N.Y. 2005).................................................................................2, 3, 4

*Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant*,
771 F.2d 521(D.C.Cir. 1985)..........................................................................................2, 3

*S Indus., Inc. v. Centra 2000, Inc.*,
249 F.3d 625 (7th Cir. 2001) ............................................................................................2

                                                                                                    Page

*Unique Indus., Inc. v. Sui & Sons In1'l Trading.,*
  No. 05 Civ. 2744 (KMK), 2007 WL 3378256 (S.D.N.Y. 2007) .....................................2, 9

**STATUTES**

28 U.S.C. § 1404(a) ..............................................................................................................1, 3

Lanham Act §15 USC § 1117(a) .......................................................................1, 2, 3, 5, 13

**RULES**

Federal Rules of Civil Procedure 54(d)(1)................................................................1, 3, 4, 13

Local Rules 51.4 ....................................................................................................................3, 13

Fed. R. Civ. P. 12(b)(2) and (3) ..................................................................................................1, 3

**PRELIMINARY STATEMENT**

Defendants, Laura Buccellati, LLC, Laura Buccellati, and Lilian Azel, hereby submit the following Memorandum of Law in support of their Motion for Attorney's Fees and Costs.

**Introduction and Summary**

In this action, Plaintiffs Buccellati Holding Italia SPA and Buccellati, Inc. alleged that Defendants, Laura Buccellati LLC, Laura Buccellati, and Lilian Azel, engaged in trademark infringement, false designation of origin, trademark dilution, unfair competition, and unfair and deceptive trade practices.

Defendants moved to dismiss for lack of personal jurisdiction and improper venue under Fed. R. Civ. P. 12(b)(2) and (3) or, alternatively, to transfer this action to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). This Court found that it lacks personal jurisdiction over the Defendants, granted the motion to dismiss, and entered judgment in Defendants' favor dismissing the case.

I. **LEGAL STANDARDS FOR DETERMINING ENTITLEMENT AND THE AMOUNT OF ATTORNEY'S FEES UNDER 15 USC § 1117(a) OF THE LANHAM ACT AND THIS COURT'S INHERENT AUTHORITY, AND COSTS UNDER FRCP 54(d)(1).**

A. **Entitlement to Attorneys' Fees**

Under the Lanham Act, 15 U.S.C. § 1117(a), "The court in exceptional cases may award reasonable attorney fees to the prevailing party." The standard for prevailing

1

plaintiffs and prevailing defendants is the same. Conopco, Inc. v. Campbell Soup Co., 95 F.3d 187, 195 (2d Cir. 1996).

A defendant must demonstrate bad faith on the part of the plaintiff to prevail on a motion for attorneys' fees in order to fulfill the "exceptional" requirement in the Lanham Act. *See, e.g. Altvater Gessler-J.A. Baczewski International (USA) Inc. v. Sobieski Destylarnia S.A.*, 2011 WL 2893087, at *4 (S.D.N.Y. 2011) ("To satisfy the 'exceptional' threshold under the [Lanham] Act, the Second Circuit requires the prevailing party to show fraud or bad faith on behalf of its opponent in bringing or prosecuting the suit").

The determination of whether certain conduct creates "exceptional" circumstances justifying an award of attorney fees necessarily requires an analysis of the individual facts presented; no hard-and-fast rules govern when fees will be awarded. In this lawsuit, the Plaintiffs' actions in bringing and pursuing this action in New York were clearly in bad faith, without legal merit, and designed to impose hardship on the Defendants.

The courts permit parties to recover attorney fee awards where the opposing party engaged in litigation tactics that were "oppressive and harassing" or unreasonably increased the costs of the moving party's efforts to pursue its case. *See, e.g., S Indus., Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 626 (7th Cir. 2001).

Overall, courts tend to focus on whether the conduct at issue (by the losing plaintiff or defendant) constituted bad faith sufficient to warrant the recovery of the prevailing party's fees. In this way, despite the subtle variations among circuits as to the interpretation of the "exceptional" circumstances that each prevailing party must prove,

2

courts generally treat plaintiffs and defendants similarly in determining the award of attorney fees.

Defendants frequently obtain awards of attorney fees where plaintiffs filed claims without any real substance or factual basis. *New Sensor Corp. v. CE Distribution LLC*, 367 F. Supp. 2d 283, 288 (E.D.N.Y. 2005). A "suit can be oppressive because of lack of merit and cost of defending even though the plaintiff honestly though mistakenly believes that he has a good case and is not trying merely to extract a good settlement based on the suit's nuisance." *Door Sys., Inc. v. Pro-line Door Sys., Inc.*, 126 F.3d 1028, 1032 (7th Cir. 1997). *See also Cairns v. Franklin Mint Co.*, 115 F. Supp. 2d 1185, 1189 (C.D. Cal. 2000) ("The claim is also unreasonable because plaintiffs should have either not brought the claim in the first instance, or voluntarily dismissed it when it was clear that there was no evidence to support it"). Defendants can obtain attorney fee awards when they prove that the plaintiff filed the lawsuit solely to extort some payment or to interfere with the defendant's business. *New Sensor Corp.*, 367 F. Supp 2d at 287.

Applying these principles, the courts have held that a defendant is entitled to attorney's fees in a Lanham Act case, where the defendant prevailed in dismissing a case on the grounds of lack of personal jurisdiction or improper venue, and where the circumstances of the case showed that the plaintiff had no meritorious basis for its choice of venue and filed the lawsuit in the improper jurisdiction to cause hardship on the defendant. *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant*, 771 F.2d 521, 527 (D.C.Cir. 1985) (attorney fee award justified where court dismissed case for lack of

jurisdiction and circumstances showed that plaintiff initiated litigation across the country from where defendant could be found, creating a genuine hardship for the defendant). *See also Aromatique, Inc. v. Gold Seal, Inc*, 28 F.3d 863, 878 (8th Cir. 1994) (proof that a plaintiff lied to a defendant in a cease and desist letter before the lawsuit commenced (which lie was continued through the course of the litigation) as part of an attempt to cause defendant to waive its rights in a particular form of trade dress suffices to support an award of fees); *New Sensor Corp.*, 367 F. Supp.2d at 287 (concluding that the plaintiff "harbored a harassing purpose in instituting the action").   In addition, apart from the statute, this Court has inherent authority to enter attorney's fees against the Plaintiffs for pursuing this action in New York without any substantial legal or factual basis for doing so.

### B. Entitlement to Costs

Pursuant to FRCP 54(d)(1), "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."

Local Rule 54.1(a) states, "Within thirty (30) days after the entry of final judgment. . . unless this period is extended by the Court for good cause shown, any party seeking to recover costs shall file with the Clerk a request to tax costs annexing a bill of costs and indicating the date and time of taxation."

Costs generally are discretionary. *See, e.g., Farberware Licensing Co., LLC v. Meyer Marketing Co., Ltd.*, 428 Fed.Appx. 97, 99 (2d Cir. 2011).   As the prevailing

4

party, Defendants are entitled to an award of costs pursuant to Rule 54 of the Federal Rules of Civil Procedure.

### C. Amount of Attorney's Fees and Costs

The facts supporting the amount of the fees to be awarded are outlined in the supporting Declaration of Albert Bordas, Esq., dated April 11, 2003, filed simultaneously with this motion, which sets forth the number of hours, the time entries, the billing rate, and the identify and experience of each attorney.

Defendants' taxable costs incurred in this case are specifically set forth in the Declaration of Albert Bordas, Esq. which has been filed simultaneously with this legal memorandum.

### II. THE FACTS IN THIS LEGAL ACTION DEMONSTRATE THAT DEFENDANTS ARE ENTITLED TO ATTORNEY'S FEES PURSUANT TO 15 USC § 1117(a) OF THE LANHAM ACT AND THIS COURT'S INHERENT AUTHORITY.

The unique circumstances of this case show that that Plaintiffs lacked any legal or factual jurisdictional basis for bringing suit here in New York. Plaintiffs knew they did not have a legal or factual basis for bringing suit here. Despite this knowledge, Plaintiffs attempted to manufacture a jurisdictional basis to bring suit here because Plaintiffs knew that bringing suit here would cause hardship and inconvenience to Defendants. (*See* Declaration of Laura Buccellati, dated April 11, 2013, filed simultaneously with this motion, "Laura Buccellati Declaration").

5

Significantly, executive officers of each of the Plaintiff companies conceded under oath in affidavits that they and their companies had no information or knowledge whatsoever any sales or advertising activities by the Defendants in the State of New York. (*See* Declarations attached as Exhibit B to Laura Buccellati Declaration).

Moreover, prior to bringing the motion to dismiss for lack of jurisdiction or improper venue, Defendants' counsel notified Plaintiffs' counsel that there was no legal basis for jurisdiction in the State of New York and that the action should be dismissed, but Plaintiffs ignored Defendants' warnings and insisted in wasting everybody's time and money in pursuing this action in this Court, solely to harass the Defendants. (Laura Buccellati Declaration, at 3).

To attempt to justify their tactic to assert jurisdiction in this Court, Plaintiffs attempted to rely upon the following:

1. the sale of an allegedly infringing bag, over Defendants' website, to Plaintiffs' New York-based investigator;

2. Tara Solomon's contact with fashion editors in New York to schedule "desk side" appointments;

3. Solomon's contract with retail buyers for large department stores in New York City;

4. the two days of meetings with fashion editors in New York City in June 2010;

6

> 5. the distribution of allegedly infringing handbags, catalogs, and media kits to the fashion editors; and
>
> 6. a contract with Motivators, Inc., a New York company, for women's vanity mirrors.

The Court made the following pertinent findings in its Memorandum Opinion and Order, attached as Exhibit D to the Laura Buccellati Declaration, rejecting each of these attempted arguments:

Plaintiff Buccellati Holding Italia SPA is an Italian corporation with its principal place of business in Milan, Italy. This entity allegedly manufactures and sells products bearing the Buccellati trademarks, including jewelry, watches, silverware, writing instruments, ornamental boxes, cutlery, belt buckles, and handbags.

Plaintiff Buccellati, Inc. is a New York corporation with its principal place of business in the Bronx, New York. Buccellati, Inc. is the exclusive distributor for Buccellati trademarked products in the United States.

Defendant Laura Buccellati LLC is a Florida limited liability company with its principal place of business in Miami, Florida. Defendants Laura Buccellati and Lilian Azel are co-founders of Laura Buccellati LLC, and both reside in Florida.

Plaintiffs claimed that Laura Buccellati, LLC is designing, manufacturing, promoting, importing, and selling consumer products under the Laura Buccellati name and trademark, and is using other designs, logos, and indicia that are imitations of the

7

Buccellati trademarks. Plaintiffs further claimed that these allegedly infringing marks are used on "handbags, carryalls, purses, wallets, belts, and scarves." (Id.)

Jurisdictional discovery confirmed that Defendants' website www.laurabuccellati.com – had made only one sale in New York. That sale took place on October 5, 2011, and was made to Plaintiffs' New York-based private investigator, Maxine Kaplan, who relied upon false representations to induce the transaction. Kaplan purchased a Laura Buccellati-branded handbag for $1,425, and arranged for it to be shipped to her New York work address. No other merchandise had been sold by Defendants to New York residents, either through Defendants' website or otherwise.

The Court also found that it was undisputed that Defendants have no office, employees, sales representatives, distributors, or retailers in New York, and that they do not own or rent any property in New York. The only sale to a New York resident of Defendants' merchandise - indeed, the only sale ever over Defendants' website - was to Plaintiffs' investigator. Defendants have sold **no other** merchandise in New York.

Moreover, the New York meetings with fashion editors led to no publicity for Defendants' products, and there was no evidence that any of Solomon's efforts led to any purchase of Defendants' products anywhere. Defendants did not enter into advertising agreements with anyone in New York, nor did they purchase advertisements in the magazines whose editors they visited. Accordingly, the Court found, no was there was no basis to justify this Court's exercise of personal jurisdiction over Defendants.

Knowing that there was no basis to file suit in New York, the Plaintiffs attempted to manufacture a basis for filing the lawsuit in New York – a jurisdiction inconvenient to the Defendants - via a private investigator hired by Plaintiffs. The investigator ordered a purse from Buccellati LLC immediately before the Plaintiffs filed this action. A finding of personal jurisdiction may not rest solely on a clearly bad faith and premeditative act, such as the one committed by the Plaintiffs.

The Court noted that courts in this District and elsewhere have expressed "hostility towards finding jurisdiction under such potentially manufactured circumstances." *Unique Indus., Inc. v. Sui & Sons Int'l Trading.*, No. 05 Civ. 2744 (KMK), 2007 WL 3378256, at *5 (S.D.N.Y. 2007) (citing *lSI Brands, Inc. v. KCC Int'l, Inc.*, 458 F. Supp. 2d 81, 89 (E.D.N.Y. 2006) (noting, in a case where purchases of counterfeit products were made by plaintiffs agents, "[i]t is beyond dispute that jurisdiction cannot be manufactured by the Plaintiff')); *Mattel, Inc. v. Anderson*, No. 04-CV- 5275 (RCC), 2005 WL 1690528, at *2 (S.D.N.Y. 2005) ("'Defendant cannot be said to have 'purposefully' availed [herself] of the protections of this forum when it was an act of someone associated with plaintiff, rather than [her] web site advertising, that brought [her] products into this forum. '" (quoting *Millennium Enters., Inc. v. Millennium Music, LP*, 33 F. Supp. 2d 907, 911 (D. Or. 1999)).

The logic of these cases is that a plaintiff (like the Plaintiffs in our case) cannot rely on improper acts to create causes of action, and that in such circumstances the defendant cannot be said to have purposefully availed itself of the privilege of conducting

9

activities in the state selected by plaintiff. In cases where, as here, Plaintiffs' causes of action are founded on notions of consumer confusion, courts have concluded that it is improper to rely on a transaction - for jurisdictional purposes - in which the purchaser (Plaintiffs' private investigator hired to order a purse) obviously was not confused as to the source of the merchandise. *See, e.g., ISI Brands Inc. v. KCC Int'l, Inc.*, 458 F. Supp. 2d 81, 88 (E.D.N.Y.2006).

Lack of consumer confusion is not just a jurisdictional issue, but also is a requirement to the numerous causes of action related to trademark infringement filed by the Plaintiffs. Here, the Court found that this element was completely lacking.

Also compelling is that the "meetings" with the fashion editors and retail buyers led to nothing. Plaintiffs' knew this prior to filing this legal action, or at a minimum, knew this through their voluminous requests for documents and excessive amounts of depositions. No articles were published. No advertisements were purchased. No contracts were entered into. No goods were sold as a result of these meetings. The distribution of free samples and media kits to these editors likewise led to no commercial activity, and did not constitute the transaction of business in New York.

It was undisputed that although Defendants' website had been in existence for three years or more, Defendants' only sale of any merchandise over the website was to Plaintiffs' investigator. Since Laura Buccellati, LLC was founded, the only sale of any merchandise to a New York customer is the sale to Plaintiffs' investigator.

Defendants offered undisputed evidence that their business was conducted through private parties, by word of mouth, and through "trunk shows" at retailers or in private homes - none of which had taken place in New York. Nothing about the Defendants' website or the way they have conducted their business demonstrated an attempt to "serve the New York market" or suggested that they should have expected their conduct to have consequences in New York.

The Court summarized its findings of fact and application of law in the following manner: Given the undisputed evidence that (1) Defendants' business plan had no component of sales to New York; (2) Defendants never had any New York customers; (3) Defendants' website generated no sales and no revenue for Defendants, whether from New York or elsewhere; and (4) the only sale Defendants ever made over their website, and the only sale they ever made to a New York customer, was their sale to Plaintiffs' New York-based investigator, the cases cited by Plaintiffs do not demonstrate that this Court has jurisdiction over the Defendants. (Order, at 19, Laura Buccellati Dec., Exhibit D).

As demonstrated more fully in the Declaration of Laura Buccellati, filed simultaneously with this motion, Plaintiffs – who are extended family members of Laura Buccellati - knew that the Defendants lived and worked in Florida, and that Plaintiffs did not have any legal or factual basis to bring suit here in New York. Nevertheless, even with this knowledge, they attempted to manufacture jurisdiction solely so that they could

11

bring this action in a forum that was inconvenient and would cause hardship to the Defendants.

In the unique circumstance of this case, and as a matter of fairness and justice, the Plaintiffs should be required to reimburse the Defendants for the tens of thousands of dollars in attorney's fees which they unnecessarily wasted on trying to manufacture jurisdiction in the State of New York, where this case never should have been brought to begin with. (Laura Buccellati Declaration, at 5).

## CONCLUSION

Based on the foregoing, it is respectfully requested that Defendants be awarded attorney's fees pursuant to §15 USC § 1117(a) of the Lanham Act and this Court's inherent authority, and taxable costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Rule 51.4 of the Local Rules.

Dated:   New York, New York
         April 12, 2013

                                Respectfully submitted,

                                Gallet, Dreyer & Berkey, LLP
                                845 Third Avenue
                                New York, NY 10022
                                Tel. (212) 935-3131
                                Fax. (212) 935-4514

                                By: s/David T. Azrin___
                                     David T. Azrin
                                     (DA 4747)

                                Leonardo G. Renaud, P.A.
                                8105 NW 155th St.
                                Miami Lakes, Florida 33016
                                Tel. (305) 818-9993
                                Fax. (305)818-9997

                                By: s/Leonardo G. Renaud__
                                     Leonardo G. Renaud, Esq.
                                     FL Bar No.: 958603
                                     Admitted *pro hac vice*

                    Albert Bordas, P.A.
                    5975 Sunset Drive
                    Suite 607
                    Miami, FL 33143
                    Tel. (305)669-9848
                    Fax. (305)669-9851

                    By: s/ Albert Bordas____
                         Albert Bordas
                         FL Bar No: 330220
                         Admitted *pro hac vice*

15

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true copy of the above document to be filed and served upon opposing counsel by filing with the ECF system this 12th day of April, 2013.

                                                ___/s/ David T. Azrin
                                                     David T. Azrin