Rory J. Radding (RR 4042)
Perla M. Kuhn (PK 9743)
H. Straat Tenney (HT 1224)
EDWARDS WILDMAN PALMER LLP
750 Lexington Avenue
New York, New York 10022
Phone (212) 308-4411
Fax (212) 308-4844

*Attorneys for Plaintiffs Buccellati Holding Italia SPA and Buccellati, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------ x

BUCCELLATI HOLDING ITALIA SPA and
BUCCELLATI, INC.

                Plaintiffs,

- v -

LAURA BUCCELLATI, LLC, LAURA
BUCCELLATI, LILIAN AZEL, ABC
CORPORATIONS 1-10, and JOHN DOES 1-10

                Defendants.

------------------------------------------------ x

Civil Action No.: 11 CIV 7268 (PGG)

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION FOR ATTORNEYS' FEES AND COSTS**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .............................................................................................................................. 2

    I.    DEFENDANTS ARE NOT ENTITLED TO ATTORNEYS FEES OR COSTS .......................................................................................................................... 2

        A.    Defendants' Are Not A "Prevailing Party" .............................................. 2

        B.    Defendants Have Failed To Show That This Is An "Exceptional" Case ............................................................................................................... 4

            1.    Defendants' Failed To Establish That Buccellati's Claims Were Entirely Without Merit As A Matter Of Law ...................... 5

            2.    Defendants Failed to Demonstrate That Buccellati Filed In New York For the Purposes of Harassment ................................ 10

        C.    Defendants Request For Costs Should Be Denied ................................. 12

CONCLUSION ........................................................................................................................ 14

# TABLE OF AUTHORITIES

Page(s)

CASES

Aromatique, Inc. v. Gold Seal, Inc.,
    28 F.3d 863 (8th Cir. 1994) ...................................................................................................4

Best Van Lines, Inc. v. Walker,
    490 F.3d 239, 246 (2d Cir. 2007)..........................................................................................11

Buccellati Holding SpA et al. v. Laura Buccellati, LLC et al.,
    Case No. 1:13-cv-21297 (KMM)............................................................................................4

Buckhannon Bd. & Care Home, Inc. v. W.Virginia Dep't of Health & Human Res.,
    532 U.S. 598 (2001)................................................................................................................2

Cairns v. Franklin Mint Co.,
    115 F. Supp. 2d 1185, 1189 (C.D. Cal. 2000) .....................................................................6, 8

Cantor Fitzgerald v. Peaslee,
    88 F.3d 152, 157 (2d Cir. 1996)............................................................................................12

Caraustar Custom Packaging Group (Md.), Inc. v. Stockart.com, LLC,
    No. 3:05-CV-00377, 2006 U.S. Dist. LEXIS 84943 (W.D.N.C. Nov. 20, 2006) ...................3

Carmody v. City of New York,
    No. 05 Civ. 8084, 2008 WL 3925196, at *1 (S.D.N.Y. Aug. 26, 2008) ...............................13

Cartier v. Seah,
    598 F. Supp. 2d 422, 426 (S.D.N.Y. 2009).............................................................................7

Chloe v. Queen Bee of Beverly Hills, LLC,
    616 F.3d 158, 166 (2d Cir. 2010)...................................................................................7, 8, 10

Conopco, Inc. v. Campbell Soup, Co.,
    95 F.3d 187, 195 (2d Cir. 1996).................................................................................3, 5, 6, 9

Dahn World Co. v. Chung,
    No. CV 05-3477-PCT-JAT, 2006 WL 3313951 (D. Ariz. Nov. 13, 2006) ............................3

Dattner v. Conagra Foods, Inc.,
    458 F.3d 98, 101 (2d Cir. 2006)..............................................................................................2

Diamond Supply Co. v. Prudential Paper Prods.,
    589 F. Supp. 470, 476 (S.D.N.Y. 1984)..................................................................................6

Door Sys., Inc. v. Pro-Line Door Sys., Inc.,
 126 F.3d 1028 (7th Cir. 1997) ..........................................................................................9

Gamla Enters. NA., Inc. v. Lunor-Brillen Design U. Vertriebs GmbH,
 No. 98 Civ. 992 (MGC), 2000 WL 193120, at *4 (S.D.N.Y. Feb. 17, 2000) ...................5

Hirschfeld v. Bd. of Election,
 984 F.2d 35, 40 (2d Cir. 1992)..........................................................................................4

Humane Soc'y of the U.S. v. HVFG, LLC,
 No. 06 CV 6829 (HB), 2010 U.S. Dist. LEXIS 85422, *11-12 (S.D.N.Y. Aug. 19,
 2010) .................................................................................................................................2

ITI Holdings, Inc. v. Prof'l SCUBA Ass'n,
 No. 05-184-P-S, 2007 U.S. Dist. LEXIS 24824, at *7 (D. Me. Mar. 30, 2007)................3

Mattel, Inc. v. Adventure Apparel,
 No. 00 CIV 4085, 2001 U.S. Dist. LEXIS 3179, at *9-10 (S.D.N.Y. Mar. 22, 2001) ......7

Mattel, Inc. v. Procount Bus. Servs.,
 No. 03 Civ. 7234 (RWS), 2004 WL 502190, at *2 (S.D.N.Y. Mar. 10, 2004) .................7

Matthew Bender & Co. v. W. Publ'g Co.,
 240 F.3d 116, 121 (2d Cir. 2001)......................................................................................3

Multivideo Labs, Inc. v. Intel Corp.,
 No. 99 Civ. 3908 (DLC), 2000 U.S. Dist. LEXIS 5443, at *5 (S.D.N.Y. Apr. 27,
 2000) .................................................................................................................................6

New Sensor Corp. v. CE Distrib. LLC,
 367 F. Supp. 2d 283, 287-88 (E.D.N.Y. 2005) ......................................................6, 10, 11

Nicholls v. Tufenkian Imp./Exp. Ventures, Inc.,
 No. 04 Civ. 2110, 2005 WL 1949487, at *3 (S.D.N.Y. Aug. 11, 2005) ...........................6

Nike, Inc. v. Already, LLC,
 No. 09 Civ. 6366 (RJS), 2011 U.S. Dist. LEXIS 9626, 24 (S.D.N.Y. Jan. 20, 2011)
 ("Nike I") .......................................................................................................................4, 9

Nike, Inc. v. Already, LLC,
 663 F.3d 89, 96 (2d Cir. 2011)..........................................................................................3

Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant,
 771 F.2d 521, 527 (D.C. Cir. 1985) .....................................................................9, 11, 12

OPA Amsterdam BV v. Am. Inst. of Physics,
 986 F. Supp. 242, 244-45 (S.D.N.Y. 1997) ......................................................................7

Patsy's Brand, Inc. v. I.O.B. Realty, Inc.,
  317 F.3d 209, 221 (2d Cir. 2003)..................................................................................5

Perez v. Westchester County Dep't of Corr.,
  587 F.3d 143, 150 (2d Cir. 2009)..................................................................................3

Phillip Morris USA, Inc. v. Veles, Ltd.,
  No. 06 Civ. 2988 (GBD), 2007 U.S. Dist. LEXIS 19780, at *18 (S.D.N.Y. Mar. 13,
  2007).............................................................................................................................7

S Indus., Inc. v. Centra 2000, Inc.,
  249 F.3d 625, 626 (7th Cir. 2001).................................................................................6

Sierra Club v. United States Army Corps of Eng'rs,
  776 F.2d 383, 390 (2d Cir. 1985)..................................................................................4

Stephen W. Boney, Inc. v. Boney Services, Inc.,
  127 F.3d 821, 827 (9th Cir. 1997).................................................................................8

Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd.,
  996 F.2d 1366, 1383 (2d Cir. 1993)..........................................................................4, 9

Warner Bros. Entm't, Inc. v. Ideal World Direct,
  No. 06 Civ. 4174 (WHP) (THK), 2007 U.S. Dist. LEXIS 83615, 3-5 (S.D.N.Y. Nov.
  13, 2007).....................................................................................................................12

**STATUTES**

28 U.S.C. § 1828................................................................................................................13

28 U.S.C. § 1920................................................................................................................13

28 U.S.C. § 1923................................................................................................................13

Copyright Act, 17 U.S.C. § 505..........................................................................................3

Lanham Act, 15 U.S.C. 1117(a) ................................................................................. passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 54.1............................................................................................................13

Fed. R. Civ. P. 54(d) ................................................................................................. passim

Fed. R. Civ. P. 54(d)(1)......................................................................................................13

Unfair Competition, § 23.12 (4th ed. 2011)......................................................................11

## PRELIMINARY STATEMENT

Plaintiffs Buccellati Holding Italia SpA and Buccellati, Inc. (collectively, "Buccellati") filed this action to protect their valuable intellectual property rights in the LAURA and BUCCELLATI trademarks. The complaint alleged that Defendants Laura Buccellati, LLC, Laura Buccellati, and Lilian Azel (collectively, "Defendants") are advertising, promoting, offering for sale, and selling handbags, wallets, scarves, and belts bearing the words LAURA BUCCELLATI, and thus infringe Buccellati's trademarks. Buccellati sought injunctive relief and damages for Defendants' willful conduct. Defendants moved to dismiss for lack of personal jurisdiction and improper venue or, alternatively, to transfer this action to the Southern District of Florida. On March 27, 2013, the Court granted Defendants' motion to dismiss for lack of personal jurisdiction ("Order").

Although the Court has closed this case, Defendants now request attorney's fees under the Lanham Act, 15 U.S.C. 1117(a), and costs under Federal Rule of Civil Procedure 54(d). Defendants' motion fails to meet the standards necessary for this Court to grant the requested relief. Indeed, Defendants' supporting memorandum is devoid of any merit, and fails to adequately address the stringent legal requirements that Defendants must meet before the Court can consider Defendants a "prevailing party" – a necessary prerequisite to any fee award. Moreover, even if Defendants clear this initial hurdle, they cannot meet the Second Circuit's strict criteria for an award of attorneys' fees and costs because this is not an "exceptional" case. The Court should therefore deny Defendants' motion.

## ARGUMENT

I. **DEFENDANTS ARE NOT ENTITLED TO ATTORNEYS FEES OR COSTS**

Defendants seek attorneys' fees under section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), which gives courts the discretion "in exceptional cases" to "award reasonable attorney fees to the prevailing party," and costs under Fed. R. Civ. P. 54(d), which allows the award of costs to the "prevailing party" in certain circumstances. Defendants motion for attorneys' fees and costs should be denied because (A) a party that obtains dismissal on personal jurisdiction grounds, rather than on the merits, is not a "prevailing party" within the meaning of the Lanham Act or Rule 54(d); (B) Defendants cannot demonstrate that Buccellati brought and pursued this action in bad faith; and (C) the request for costs is inappropriate and unreasonable.

   A. **Defendants' Are Not A "Prevailing Party"**

Defendants are not a "prevailing party" under the Lanham Act or the Federal Rules of Civil Procedure because the claims against them were dismissed for lack of personal jurisdiction, rather than through a judgment in their favor on the merits. In Buckhannon Bd. & Care Home, Inc. v. W.Virginia Dep't of Health & Human Res., 532 U.S. 598 (2001), the United States Supreme Court held that "a 'prevailing party' is one who has been awarded some relief by the court" that creates a "material alteration of the legal relationship of the parties." Id. at 603-604. "In the context of fee-shifting statutes, the Supreme Court has held that, for a party to be 'prevailing,' there must be a 'judicially sanctioned change in the legal relationship of the parties." Dattner v. Conagra Foods, Inc., 458 F.3d 98, 101 (2d Cir. 2006) (citing Buckhannon, 532 U.S. at 605). Dismissals without prejudice do not meet this test. Id. at 103; Humane Soc'y of the U.S. v. HVFG, LLC, No. 06 CV 6829 (HB), 2010 U.S. Dist. LEXIS 85422, *11-12 (S.D.N.Y. Aug. 19, 2010) ("[I]n order to prevail, a party 'must receive some relief on the merits'

. . . as, for example, when they win a judgment on the merits or obtain 'settlement agreements enforced through a consent order.'") (quoting Perez v. Westchester County Dep't of Corr., 587 F.3d 143, 150 (2d Cir. 2009)). Nor should dismissals for lack of personal jurisdiction.

For the purposes of § 1117(a), the Second Circuit has not directly addressed whether dismissal of claims against a defendant for lack of personal jurisdiction renders that party a "prevailing party."[1] However, "[t]hose courts which have directly addressed the issue have held that a party successful on a motion to dismiss for lack of personal jurisdiction is not a prevailing party for purposes of any statute making attorney fees available to prevailing parties." ITI Holdings, Inc. v. Prof'l SCUBA Ass'n, No. 05-184-P-S, 2007 U.S. Dist. LEXIS 24824, at *7 (D. Me. Mar. 30, 2007); see also Caraustar Custom Packaging Group (Md.), Inc. v. Stockart.com, LLC, No. 3:05-CV-00377, 2006 U.S. Dist. LEXIS 84943 (W.D.N.C. Nov. 20, 2006) (federal copyright claim)[2]; Dahn World Co. v. Chung, No. CV 05-3477-PCT-JAT, 2006 WL 3313951 (D. Ariz. Nov. 13, 2006) (same).

The rationale of these decisions is that a court that lacks personal jurisdiction over a defendant "lacks the power to decide any issue in favor of that defendant or to act in any way that benefits that defendant," and therefore the defendant "cannot be a prevailing party with respect to that litigation." ITI Holdings, 2007 U.S. Dist. LEXIS 24824, at *7. This reasoning applies to the present case. The claims against Defendants were dismissed for lack of personal jurisdiction only. (Order at 1) There has been no finding on the merits and no change in the legal relationship between the parties. Buccellati may still bring the same causes of action

---

[1] Since the Second Circuit has not squarely addressed this issue, this Court should look to other circuits for guidance. See, e.g., Nike, Inc. v. Already, LLC, 663 F.3d 89, 96 (2d Cir. 2011).
[2] The requirements of § 1117 are the same as the fee-shifting provision under the Copyright Act, 17 U.S.C. § 505. See, Conopco, Inc. v. Campbell Soup, Co., 95 F.3d 187, 195 (2d Cir. 1996) (Lanham Act); Matthew Bender & Co. v. W. Publ'g Co., 240 F.3d 116, 121 (2d Cir. 2001) (Copyright Act).

against Defendants in another forum, and, in fact, has done so. Buccellati has initiated suit in the Southern District of Florida, where Defendants are located, involving the same parties and alleging almost identical claims as the New York litigation. Buccellati Holding SpA et al. v. Laura Buccellati, LLC et al., Case No. 1:13-cv-21297 (KMM). Accordingly, Buccellati requests that this Court deny this motion for attorneys' fees and costs because Defendants are not a "prevailing party" under § 1117(a) or Rule 54(d).

### B. Defendants Have Failed To Show That This Is An "Exceptional" Case

Even if the Court finds that Defendants are a "prevailing party," Defendants still cannot make the rigorous showing necessary to obtain fees. A court may award attorneys' fees to the prevailing party in a Lanham Act action only if the case is "exceptional." 15 U.S.C. § 1117(a). When a defendant seeks attorneys' fees it must show that the plaintiff acted fraudulently or in bad faith.[3] See e.g., Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd., 996 F.2d 1366, 1383 (2d Cir. 1993). Therefore, in order to prevail, Defendants must establish that this case satisfies both elements of an "exceptional" case in the Second Circuit, namely, that it was "[1] entirely without color and [2] has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons." Hirschfeld v. Bd. of Election, 984 F.2d 35, 40 (2d Cir. 1992) (emphasis added). "The test is conjunctive and neither meritlessness alone nor improper purpose alone will suffice." Nike, Inc. v. Already, LLC, No. 09 Civ. 6366 (RJS), 2011 U.S. Dist. LEXIS 9626, 24 (S.D.N.Y. Jan. 20, 2011) ("Nike I") (quoting Sierra Club v. United States Army Corps of Eng'rs,

---

[3] Defendants have neither raised fraud nor can Buccellati be found to have engaged in fraudulent conduct. Instead, Defendants allege bad faith. Defendants cite one case involving fraudulent conduct, Aromatique, Inc. v. Gold Seal, Inc., 28 F.3d 863 (8th Cir. 1994) (awarding fees and costs because the plaintiff lied in a cease and desist letter and throughout litigation in an attempt to assert trade dress rights that it did not own). This case is inapposite; Buccellati has not made false statements about its trademark rights or any jurisdictional issue. See id. at 876 ("Succinctly put, an exceptional case within the meaning of Section [1117] is one in which one party's behavior went beyond the pale of acceptable conduct.").

776 F.2d 383, 390 (2d Cir. 1985)). Thus, for Defendants' motion to have merit, the Second Circuit requires proof that Buccellati acted in bad faith in bringing <u>and</u> prosecuting the suit. See Patsy's Brand, Inc. v. I.O.B. Realty, Inc., 317 F.3d 209, 221 (2d Cir. 2003); Conopco, Inc. v. Campbell Soup Co., 95 F.3d 187, 194-95 (2d Cir. 1996).

Defendants do not meet this strict standard. The crux of Defendants' bad faith arguments rely on: (1) Buccellati's use of an investigator to purchase a LAURA BUCCELLATI-branded handbag (Defs.' Br. at 5); (2) statements from two Buccellati executives that they had no unique or personal knowledge of Defendants' activities in New York; and (3) Buccellati's failure to heed Defendants' counsel's warning that there was no legal basis for jurisdiction in New York.[4] (Defs.' Br. at 6)

As shown below, Defendants' moving papers fall short of establishing that this case is entirely without merit and completely fail to establish any evidence of improper motive.

### 1. *Defendants' Failed To Establish That Buccellati's Claims Were Entirely Without Merit As A Matter Of Law*

Defendants' motion should be denied for failure to establish a critical element of an "exceptional" case in the Second Circuit, namely, that Buccellati's case was entirely without merit. Defendants erroneously conclude that Buccellati's claims for jurisdiction are "without legal merit." This is not only incorrect, but also applies an improper standard. Courts in this jurisdiction demand a more exacting showing to award attorneys' fees. See, e.g., Gamla Enters. NA., Inc. v. Lunor-Brillen Design U. Vertriebs GmbH, No. 98 Civ. 992 (MGC), 2000 WL

---

[4] Defendants devote much of their brief rehashing the factual and legal bases of the parties' claims during jurisdictional motion practice. (Defs.' Br. at 6-11) The Court should decline to revisit the merits of the motion to dismiss. The only issue before the court is whether this is an "exceptional" case under the Lanham Act as interpreted by Second Circuit jurisprudence. Defendants do not establish this criteria.

-5-

193120, at *4 (S.D.N.Y. Feb. 17, 2000) (holding that the Second Circuit requires the dismissed plaintiff's suit to be "frivolous").

Courts in the Second Circuit have found that a case is completely without merit only where the "court could draw no inference other than that the actions had been brought for improper purposes." Multivideo Labs, Inc. v. Intel Corp., No. 99 Civ. 3908 (DLC), 2000 U.S. Dist. LEXIS 5443, at *5 (S.D.N.Y. Apr. 27, 2000). In those cases, the suits were so patently baseless that the courts were compelled to infer that it had been brought for improper purposes. See, e.g., Diamond Supply Co. v. Prudential Paper Prods., 589 F. Supp. 470, 476 (S.D.N.Y. 1984) (finding plaintiff's action "patently baseless"); New Sensor Corp. v. CE Distrib. LLC, 367 F. Supp. 2d 283, 287-88 (E.D.N.Y. 2005) (noting that "pursuit of patently frivolous claims is circumstantial evidence of bad faith," the plaintiff "knew or should have known that its claims were not well grounded in fact," and "one can only speculate about the motives which prompted its suit."); S Indus., Inc. v. Centra 2000, Inc., 249 F.3d 625, 626 (7th Cir. 2001) (granting fees where plaintiffs owned no trademark rights in the asserted mark and had never used that mark in commerce); Cairns v. Franklin Mint Co., 115 F. Supp. 2d 1185, 1189 (C.D. Cal. 2000) (awarding fees when plaintiff made "absurd contention that 'Diana, Princess of Wales' had taken on a meaning other than an individual" and a false advertising claim that challenged true statements).

Importantly, the mere fact that a plaintiff does not proffer sufficient evidence to prove its claim does not establish bad faith. Conopco, 95 F.3d at 195. A defendant "is not entitled to fees merely because it has been successful on a motion to dismiss . . . to do so, would establish a *per se* entitlement of attorney's fees." Nicholls v. Tufenkian Imp./Exp. Ventures, Inc., No. 04 Civ. 2110, 2005 WL 1949487, at *3 (S.D.N.Y. Aug. 11, 2005) (internal quotation and citation omitted). Instead, for a bad faith finding in this case, the Court must find that Buccellati's

-6-

decision to bring the case was "totally devoid of merit." OPA Amsterdam BV v. Am. Inst. of Physics, 986 F. Supp. 242, 244-45 (S.D.N.Y. 1997).

Buccellati's jurisdictional basis was plausible, supported by facts and relevant case law, and thus not totally devoid of merit. Contrary to Defendants contentions, Buccellati did not "manufacture jurisdiction," nor did it need to. Specifically, Buccellati relied on Defendants' intentional conduct in New York to establish jurisdiction over Defendants, including: (i) promoting infringing goods on a national level; (ii) promoting infringing products to New York-based fashion editors and retail buyers; (iii) meeting with fashion editors in New York; (iv) the sale of an infringing handbag to a New York resident; (v) operating two interactive websites by which consumers can access and purchase infringing goods from anywhere in the United States, including in New York; (vi) shipping LAURA BUCCELLATI-branded handbags throughout the country, including to New York; and (vii) manufacturing promotional goods bearing Defendants' logo in New York. Buccellati cited case law supporting the proposition that this evidence was sufficient to confer personal jurisdiction under New York's long-arm statute. (See generally Pls.' Br. Opp. Mot. Dismiss at 7-11); see also Cartier v. Seah, 598 F. Supp. 2d 422, 426 (S.D.N.Y. 2009) (holding that an investigator's purchase alone "would be a sufficient basis for denying defendants' motion" to dismiss); Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 166 (2d Cir. 2010); Phillip Morris USA, Inc. v. Veles, Ltd., No. 06 Civ. 2988 (GBD), 2007 U.S. Dist. LEXIS 19780, at *18 (S.D.N.Y. Mar. 13, 2007) (approving jurisdiction based on such purchases); Mattel, Inc. v. Procount Bus. Servs., No. 03 Civ. 7234 (RWS), 2004 WL 502190, at *2 (S.D.N.Y. Mar. 10, 2004) (same); Mattel, Inc. v. Adventure Apparel, No. 00 CIV 4085, 2001 U.S. Dist. LEXIS 3179, at *9-10 (S.D.N.Y. Mar. 22, 2001) (same).

The Second Circuit in Chloe noted that "we leave for another day the question whether a 'single act' of shipping a counterfeit bag to an agent of plaintiff, by itself" is sufficient for personal jurisdiction because "our holding in the instant case that an employee's single act of shipping a *bag—any* bag, not necessarily a counterfeit one—into the State of New York, combined with [defendant's] other business activity involving [] New York, gives rise to an inference that the defendant purposefully availed himself to the privilege of conducting activities within [New York]." Chloe, 616 F.3d at 165, fn. 3 (emphasis in original and internal quotations omitted).

Like in Chloe, Buccellati proffered evidence of one sale to a New York resident – who happened to be Buccellati's agent – plus substantial supplemental evidence of Defendants' business activities in New York. See Stephen W. Boney, Inc. v. Boney Services, Inc., 127 F.3d 821, 827 (9th Cir. 1997) (denying attorneys' fees to defendant where the action was not frivolous because the plaintiff "raised debatable issues of law and fact"). Indeed, this Court admitted that "there is not unanimity on this issue," (Order at 11) and thus, at least, personal jurisdiction was a close legal question. Moreover, in regard to the underlying trademark infringement claims, the Court held that Buccellati's "allegations demonstrate a tortious act resulting in injury in New York" and that it is "undisputed that New York residents can view Defendants' website containing the allegedly infringing marks." (Order at 16)

A case cited by Defendants, Cairns v. Franklin Mint, is instructive because the court denied fees in regard to one of plaintiffs' claims because it "could be considered [an] argument for an extension of existing law." Cairns, 115 F. Supp. 2d at 1189. Buccellati brought this action in New York to stop Defendants' infringing activities. Buccellati chose New York courts

because it concluded – in good faith – that Defendants' conduct was sufficient for personal jurisdiction in this forum. Thus, this is clearly not a "frivolous" or "exceptional" case.

Instead of providing case law relevant to its claim for attorneys' fees and costs, Defendants' brief mostly recites cases it relied on in its jurisdictional arguments. (Defs.' Br. at 6-11) It is revealing, however, that Defendants fail to cite one case -- from any jurisdiction -- that has found that relying on an investigator's purchase, plus other business activities, for jurisdiction constitutes bad faith in the context of a motion for attorneys' fees under § 1117(a). In fact, none of the prevailing defendants in the cases cited in Defendants' jurisdictional re-argument even moved for attorneys' fees and costs.

Defendants did, however, rely on cases from jurisdictions that apply a different standard than the Second Circuit. See, e.g., Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant, 771 F.2d 521, 527 (D.C. Cir. 1985) (divided panel requiring a "less than bad faith" standard for the prevailing defendant, but not for a prevailing plaintiff); Door Sys., Inc. v. Pro-Line Door Sys., Inc., 126 F.3d 1028 (7th Cir. 1997) (applying lower standard). The Second Circuit has expressly refused to follow this line of cases. See Nike Inc., 2011 U.S. Dist. LEXIS 9626, at *23-24; Conopco, 95 F.3d at 195 ("While [defendant] acknowledges the requirement of bad faith in Twin Peaks, it contends that the express language of the case applied to only prevailing plaintiffs, and not to [prevailing defendants]. We see no such distinction . . . [and] see no reason to create such a rule.") (discussing Twin Peaks, 996 F.2d 1366). Defendants even concede that the higher standard is identical for prevailing defendants and prevailing plaintiffs. (Defs.' Br. at 2) (citing Conopco, 95 F.3d at 195).

Since Defendants have not shown that Buccellati's choice of bringing this action in New York was "frivolous" or "entirely without legal merit," Defendants' motion for fees and costs should be denied.

### 2. Defendants Failed to Demonstrate That Buccellati Filed In New York For the Purposes of Harassment

Defendants' provide little factual support for the conclusion that Buccellati filed this action in bad faith to harass Defendants. Defendants' argue that Buccellati's bad faith is evidenced by the fact that Buccellati's executives had no personal knowledge of Defendants infringing activities in New York. This conclusion is misguided. The question in jurisdictional analysis is not the plaintiff's direct knowledge of a defendant's activities in New York, but rather a defendant's "purposeful availment of the New York forum." See Chloe, 616 F.3d at 167.

Defendants further insinuate that the mere act of purchasing one of Defendants' handbags through an investigator amounts to bad faith. Defendants, however, fail to cite a case where a court granted attorneys' fees based on an investigator's purchase of an infringing product. Moreover, as discussed above, this practice has been recognized by courts in the district courts in the Second Circuit as an acceptable method of conferring jurisdiction on a defendant. See id. at 170.

In support of its argument, Defendants cite New Sensor Corp. v. CE Distrib. LLC, but fail to highlight which facts in New Sensor are analogous to the case at hand. (See Defs.' Br. at 3, 4) Rather, Defendants cite legal conclusions and leave it to the Court to determine the relevance. (Id.) A close reading confirms, however, that New Sensor is inapplicable to this matter. In New Sensor, the court awarded fees because the plaintiff: (i) filed the action without investigating whether it had previously granted the defendant a release; (ii) pursued false

-10-

advertising claim after it was clear that the statements in question were either literally true or not material; (iii) argued – contrary to "good logic and law" – that it was defendants' burden to prove non-infringement, rather than the other way around; and (iv) provided no proof of actual confusion in support of its infringement claim.[5] New Sensor, 367 F. Supp. 2d at 289.

In this case, Buccellati determined prior to filing that Defendants sold LAURA BUCCELLATI-branded handbags to a New York resident, operated two interactive websites where consumers could access and purchase infringing goods from anywhere in the United States, including New York, sold infringing handbags in multiple states, and engaged an advertising firm to promote its infringing goods on a national level. During jurisdictional discovery Buccellati learned that Defendants travelled to New York to promote its goods, sent multiple handbags into New York, and hired a New York company to produce Defendants' branded compact mirrors. Based on these facts, it is clear that Buccellati has no other motive than its desire to stop Defendants' infringing activities, which is also evidenced by its filing of a nearly identical proceeding in Florida.

The facts in Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant, the case which employed a different, less stringent standard for § 1117 attorneys' fees (which the Second Circuit declined to follow), are also distinguishable. In Noxell, a divided panel awarded fees where

---

[5] Defendants' contend that "[l]ack of consumer confusion is not just a jurisdictional issue, but also is a requirement to the numerous causes of action related to trademark infringement." (Defs.' Br. At 10) This statement is misleading. The focus of the jurisdictional analysis is the defendant's conduct, not a third party's understanding of that conduct. See Best Van Lines, Inc. v. Walker, 490 F.3d 239, 246 (2d Cir. 2007). Moreover, "[t]he test of infringement is *likelihood* of confusion, not the proof of *actual* confusion. To prove liability, the plaintiff is not required to prove any instances of actual confusion." 4 Thomas J. McCarthy, McCarthy on Trademarks and Unfair Competition, § 23.12 (4th ed. 2011) (emphasis in original). Defendants continue to misstate the Order by erroneously claiming – without citation – that "the Court found that this element [*i.e.*, consumer confusion] was completely lacking." (Defs.' Br. at 10) There was no finding on the merits in this case and any suggestion to the contrary is misleading, at best.

-11-

plaintiff filed the action in Washington D.C., even though defendant' restaurants were located in California, and then tried to block the court's consideration of the venue question. Noxell, 771 F.2d at 527. Here, as discussed above, Defendants' actions were not limited to one state. Indeed, they were actively pursuing the national market, including promoting their bags in New York. Further, as shown herein, Buccellati has never submitted groundless or frivolous arguments. Rather, Buccellati had at its disposal facts which it believed in good faith supported a reasonable basis for finding jurisdiction in New York.

Finally, Defendants suggest that "Buccellati ignored Defendants' warnings" that there was no legal basis for jurisdiction, which supposedly constitutes bad faith. (Dkt. 36 at 6) This is unpersuasive and contrary to our adversarial system. If courts found that a plaintiff acted in bad faith every time it disagreed with opposing counsel, then all cases would be "exceptional." For the foregoing reasons, Defendants have failed to show that this is an "exceptional" case and thus this motion must fail.

### C. Defendants Request For Costs Should Be Denied

A "prevailing party" may be entitled to the costs of the action. As discussed above, Defendants are not a "prevailing party," and have no authority to seek costs under Rule 54(d). Moreover, this is not an "exceptional" case, and Defendants demand for costs must fail. See Cantor Fitzgerald v. Peaslee, 88 F.3d 152, 157 (2d Cir. 1996) (denying a motion for costs following dismissal of the action for lack of personal jurisdiction); Warner Bros. Entm't, Inc. v. Ideal World Direct, No. 06 Civ. 4174 (WHP) (THK), 2007 U.S. Dist. LEXIS 83615, 3-5 (S.D.N.Y. Nov. 13, 2007) ("Plaintiffs did not bring their claims unreasonably or in bad faith. Accordingly, the motion for costs is denied.").

Moreover, "the U.S. Supreme Court has interpreted the word 'costs' in Rule 54(d)(1) to mean only those categories of costs enumerated in 28 U.S.C. § 1920." Carmody v. City of New York, No. 05 Civ. 8084, 2008 WL 3925196, at *1 (S.D.N.Y. Aug. 26, 2008). These categories are: (1) fees of the clerk and marshall; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees pursuant to 28 U.S.C. § 1923; and (6) compensation of court-appointed experts, interpreters, and fees, expenses, and costs of special interpretation services pursuant to 28 U.S.C. § 1828. Id.; 28 U.S.C. § 1920. "[F]ederal courts have no authority to award costs in excess of statutory limits." Carmody, 2008 WL 3925196, at *1. Local Civil Rule 54.1 further limits the costs that may be recovered.

Based on § 1920, Rule 54(d), and Local Rule 54.1, even if the Court were to allow recovery of costs, Defendants would not be able to recover:

- $178.39 for Postage and Federal Express fees,
- $3.70 for Pacer fees,
- $83.00 for Messenger service fees; and
- $500.41 for Westlaw usage fees for legal research.

Indeed, not only are these costs unrecoverable, but Defendants fail to support its application with contemporaneous invoices concerning any of the requested fees. Defendants have not made any effort to reasonably justify these expenses. Thus, Defendants have not met the burden of proof of establishing that they were reasonably necessary. This failure prevents the Court from determining whether the amounts sought are appropriate. Accordingly, in addition to the reasons stated above, the Court should deny costs for failure to produce specific, itemized

-13-

documentation such that the propriety of each requested expense could have been reasonably determined.

## CONCLUSION

For the foregoing reasons, Defendants Motion for Attorney's Fees and Costs should be denied in all respects.

Dated: New York, New York
April 26, 2013

EDWARDS WILDMAN PALMER LLP

By: _____
Rory J. Radding (RR 4042)
Perla M. Kuhn (PK 9743)
H. Straat Tenney (HT 1224)
750 Lexington Avenue
New York, New York 10022
Phone (212) 308-4411
Fax (212) 308-4844

*Attorneys for Plaintiffs Buccellati Holding Italia SPA and Buccellati, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I am over the age of 18 years, not a party to this action, and that on the 26th day of April, 2013, I caused to be served a true and correct copy of the Plaintiffs' Memorandum in Opposition to Defendants' Motion for Attorneys' Fees and Costs by overnight courier and electronic mail to the following attorneys for Applicant:

> David T. Azrin
> Gallet Dreyer & Berkey, LLP
> 845 Third Avenue
> New York, NY 10022
> dta@gdblaw.com
>
> Albert Bordas
> 5975 Sunset Drive, Suite 607
> Miami, FL 33143
> albert@bordasiplaw.com
>
> Leonardo G. Renaud
> 8105 NW 155th Street
> Miami Lakes, FL 33016
> leonardorenaud@aol.com

I further certify under penalty of perjury that the foregoing is true and correct.

Dated: April 26, 2013
New York, New York

By: _____
H. Straat Tenney