UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 17, 2014
```

BUCCELLATI HOLDING ITALIA SPA,
and BUCCELLATI, INC.,

      Plaintiffs,

 - against -

LAURA BUCCELLATI, LLC, LAURA
BUCCELLATI, LILIAN AZEL, ABC
CORPORATIONS 1-10, and JOHN DOES 1-
10,

      Defendants.

**MEMORANDUM
OPINION & ORDER**

11 Civ. 7268 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

    On December 2, 2013, Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation ("R & R") recommending that Defendants' motion for attorneys' fees be denied. (Dkt. No. 44) On December 13, 2013, Defendants filed timely objections to the R & R. (Dkt. No. 45) Having reviewed Defendants' objections, this Court adopts Judge Gorenstein's R & R as set forth below and denies Defendants' motion for an attorneys' fee award.

## BACKGROUND

    The facts of this case are set forth in Judge Gorenstein's R & R and this Court's March 27, 2013 opinion granting Defendants' motion to dismiss for lack of personal jurisdiction. Buccellati Holding Italia SPA v. Laura Buccellati, LLC, 935 F. Supp. 2d 615 (S.D.N.Y. 2013). Familiarity with both is assumed.

    Plaintiff Buccellati Holding Italia SPA is an Italian corporation with its principal place of business in Milan, Italy. This entity manufactures and sells products bearing the Buccellati trademarks, including jewelry, watches, silverware, writing instruments, ornamental

boxes, cutlery, belt buckles, and handbags. (Cmplt. ¶ 4) Plaintiff Buccellati, Inc. is a New York corporation with its principal place of business in the Bronx, New York. (Id. ¶ 5) Buccellati, Inc. is the exclusive distributor for Buccellati trademarked products in the United States. (Id.)

Defendant Laura Buccellati LLC is a Florida limited liability company with its principal place of business in Miami, Florida. (Id. ¶ 6) Defendants Laura Buccellati and Lilian Azel are co-founders of Laura Buccellati LLC, and both reside in Florida. (Id. ¶¶ 7-8)

In the Complaint, Plaintiffs assert claims for trademark infringement, false designation of origin, trademark dilution, unfair competition, and unfair and deceptive trade practices. (Id. ¶ 1) The Complaint alleges, inter alia, that Laura Buccellati – a Buccellati family member who sold her interest in the Buccellati companies in 1989 – "attempted to capitalize on the popularity of the Buccellati Trademarks by using and/or permitting various companies to use [marks that infringe the Buccellati trademarks]." (Id. ¶¶ 18-19)

On July 2, 2012, Defendants moved to dismiss for lack of personal jurisdiction and improper venue under Fed. R. Civ. P. 12(b)(2) and (3), or, in the alternative, to transfer the case to the Southern District of Florida on forum non conveniens grounds under 28 U.S.C. § 1404(a). (Dkt. No. 22) This Court granted Defendants' motion to dismiss for lack of personal jurisdiction on March 27, 2013. (Dkt. No. 33) Defendants then moved for an award of attorneys' fees under Section 35(a) of the Lanham Act and for costs under Rule 54(d) of the Federal Rules of Civil Procedure, and this Court referred the matter to Judge Gorenstein. (Dkt. No. 35 & 43) On December 2, 2013, Judge Gorenstein issued an R & R recommending that this Court deny Defendants' motion. (Dkt. No. 44) Defendants filed timely objections on December 13, 2013, and Plaintiffs replied on January 2, 2014. (Dkt. Nos. 45 & 46)

## STANDARD OF REVIEW

This Court "may accept, reject, or modify in whole or in part" findings or recommendations issued by a magistrate judge. 28 U.S.C. § 636(b)(1). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07 Civ. 6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted).

## DISCUSSION

Judge Gorenstein recommends that Defendants' motion for attorneys' fees be denied because (1) Defendants are not "prevailing parties" under Section 35(a) of the Lanham Act or Fed. R. Civ. P. 54(d); (2) Defendants' "inherent authority" argument has been waived, given Defendants' failure to cite relevant case law or to "advance any reasoned argument supporting such an award"; and (3) even if Defendants' inherent authority argument had not been waived, Defendants have not met the "high standard" applicable to such an award. (R & R (Dkt. No. 44) at 2, 6)

### I.      DEFENDANTS ARE NOT "PREVAILING PARTIES"

Judge Gorenstein properly relies on Buckhannon Bd. and Home Care v. W. Va. Dep't of Health and Human Serv., 532 U.S. 598 (2001), in setting forth the legal standard for

3

determining a "prevailing party." (Id. at 3) As Judge Gorenstein explains, "[i]n Buckhannon, the Supreme Court held that for a party to be 'prevailing,' there must be a 'judicially sanctioned change in the legal relationship of the parties.'" (Id. (quoting Buckhannon, 532 U.S. at 605)). Buckhannon provides two examples of such a change – a judgment on the merits and a consent decree. As Judge Gorenstein notes, however, the Second Circuit has cautioned that "Buckhannon should not be read to 'suggest that one of these two conditions [is] necessary for a party to prevail." (Id. (quoting Perez v. Westchester Cnty. Dep't of Corrections, 587 F.3d 143, 151 (2d Cir. 2009))

While the Second Circuit has not considered the precise issue presented here – i.e., whether a party who obtains dismissal based on a lack of personal jurisdiction is a "prevailing party" – it has considered the closely analogous circumstance of a dismissal based on forum non conveniens. In Dattner v. Conagra Foods, Inc., 458 F.3d 98 (2d Cir. 2006), the Second Circuit noted that such a dismissal does not "immunize a defendant from the risk of further litigation on the merits of a plaintiff's claim," and concluded that, "because it remains to be seen which party will, in fact, prevail on the merits, defendants have not yet achieved a judicially sanctioned change in the legal relationship of the parties so as to be considered 'prevailing' under Rule 54(d)." 458 F.3d at 103.

Judge Gorenstein found Dattner "indistinguishable" from the instant case. (R & R (Dkt. No. 44) at 4) As in Dattner, this Court's dismissal does not immunize Defendants from the risk of further litigation. (Id.) Indeed, Plaintiffs re-filed their suit against Defendants in Florida after this Court's dismissal, and that action remains pending. (Id. (citing Buccellati Holding Italia SPA v. Laura Buccellati, LLC, No. 13-CV-21297 (KMM) (S.D. Fla. filed Apr. 12, 2013)))

Defendants argue, however, that Judge Gorenstein failed to consider whether this case is "exceptional" under the Lanham Act. (Def. Br. (Dkt. No. 45) at 6) This argument is a red herring. A necessary condition to an award of attorneys' fees under the Lanham Act is that the party seeking the award be a "prevailing party." 15 U.S.C. § 1117(a) ("The court in exceptional cases may award reasonable attorney fees to the prevailing party.") (emphasis added) Given that Judge Gorenstein concluded that Defendants were not "prevailing parties," he had no reason to consider whether this is an "exceptional" case. See R & R (Dkt. No. 44) at 6. ("Because [prevailing party status] is a necessary condition to an award of costs or attorney's fees under [the Lanham Act or Rule 54(d)], defendants' motion must be denied.")

In an effort to distinguish the relevant case law, Defendants argue that Buckhannon and Dattner involved "non-infringement, non-Lanham act" cases. (Def. Br. (Dkt. No. 45) at 6) But they cite no authority in support of their argument that "prevailing party" carries, or should carry, a different meaning under the Lanham Act. Moreover, as Judge Gorenstein states, the "standards for interpreting [this] phrase 'are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" (R & R (Dkt. No. 44) at 5 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 n.7 (1983))

Defendants also argue – for the first time – that Buckhannon and Dattner are not dispositive here, because Plaintiffs' New York common law and statutory claims are "in effect barred by the Court's dismissal." (Def. Br. (Dkt. No. 45) at 7) Dattner forecloses this claim. The Dattner complaint included a number of state law claims, including malicious prosecution, abuse of process, intentional infliction of emotional distress, and false imprisonment. Dattner, 458 F.3d at 99. The district court determined, on forum non conveniens grounds, that France was the appropriate forum for plaintiff's claims. Accordingly, Dattner was "in effect barred"

from bringing his New York statutory and common law claims. The Second Circuit nevertheless held that the Dattner defendants were not entitled to an attorneys' fee award as "prevailing parties," because Dattner remained "free to pursue his claims against the defendants in France." Id. at 103. Defendants do not explain why a different outcome is appropriate here.

Finally, Defendants argue that they should prevail under Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest., 771 F.2d 521, 525 (D.C. Cir. 1985) and other pre-Buckhannon cases. (Def. Br. (Dkt. No. 45) at 7). As Judge Gorenstein noted, however, Noxell "provides no support for defendants' position" because it "is directly contrary to Dattner and was implicitly overruled by Buckhannon." (R & R (Dkt. No. 44) at 5 (citing District of Columbia v. Jeppsen, 514 F.3d 1287, 1291 (D.C. Cir. 2008) (acknowledging in dicta that Buckhannon may have overruled Noxell); Hayes v. FM Broad. Station WETT, 930 F. Supp. 2d 145, 153 (D.D.C. 2013) ("[Noxell] may no longer be good law."))) This Court finds no error in Judge Gorenstein's analysis.

II.   **WAIVER OF "INHERENT AUTHORITY" ARGUMENT**

Judge Gorenstein found that Defendants had waived their argument that this Court should grant them attorneys' fees under its inherent authority, because their briefs were "devoid of any citations to relevant case law" and did not "advance any reasoned argument supporting such an award." (R & R (Dkt. No. 44) at 6) In making this finding, Judge Gorenstein cited Tolbert v. Queens, 242 F.3d 58, 75 (2d Cir. 2001) for the proposition that "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived." (Id.)

In Tolbert, the Second Circuit discussed the "'settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation,

6

are deemed waived.'" Tolbert, 242 F.3d at 75 (quoting United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)) (emphasis added).  Although some courts in this district have relied on Tolbert in rejecting similarly deficient claims, see, e.g. United States v. All Right, Title & Interest in Prop., Appurtenances, & Improvements Known as 479 Tamarind Drive, Hallendale, Fla., 98 CIV. 2279 DLC, 2012 WL 3886698, at *3 (S.D.N.Y. Sept. 7, 2012) ("Because MGRA's brief provides no factual basis or legal argument in support of this claim, however, the Court declines to address it." (quoting Tolbert, 242 F.3d at 75)), the Second Circuit has not discussed the applicability of Tolbert outside the appellate context.

More importantly, the argument that the Tolbert court deemed waived had been made in only a single sentence in a footnote.  Tolbert, 242 F.3d at 76 ("The suggestion that punitive damages are never available in a private action under Title VI appears in defendants' brief only in a footnote stating the proposition conclusorily in a single sentence.")  Here, by contrast, Defendants included their "inherent authority" argument in the headings of their opening brief and addressed this claim in several paragraphs in their reply.  (See Def. Br. (Dkt. No. 36) at 5-12; Def. Reply Br. (Dkt. No. 40) at 1-2)  While this Court agrees that Defendants' moving papers are "devoid of any relevant citations" or "reasoned argument" on this point (R & R (Dkt. No. 44) at 6 n.3), it does not hold that these deficiencies result in a waiver of the argument.

### III.   DEFENDANTS ARE NOT ENTITLED TO AN ATTORNEYS' FEE AWARD UNDER THIS COURT'S INHERENT AUTHORITY

Defendants argue that they are entitled to an award of attorneys' fees and costs under this Court's inherent authority because Plaintiffs abused the judicial process by filing this lawsuit.  (Def. Br. (Dkt. No. 45) at 3)  Although Judge Gorenstein deemed this argument waived,

he noted that "defendants' submission has not made the showing necessary to meet the high standard for such an award." R & R (Dkt. No. 44) at 6 n.3) This Court agrees.

"Although the 'American Rule' prohibits the shifting of attorney's fees in most cases, an exception allows federal courts to exercise their inherent power to assess such fees as a sanction when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, as when the party practices a fraud upon the court, or delays or disrupts the litigation or hampers a court's order." Chambers v. Nasco, Inc., 501 U.S. 32, 33 (1991) (internal citations omitted). Defendants have not come close to meeting this standard.

In analyzing whether there was a basis for the exercise of personal jurisdiction over the Defendants, this Court noted that Plaintiffs' New York-based investigator had purchased an allegedly infringing handbag over the Defendants' website. Buccellati, 935 F. Supp. at 623. The Court further stated that it was "obvious" the Plaintiffs had made this purchase "in order to bolster their argument that this Court has personal jurisdiction over Defendants." Id. In concluding that the handbag sale did not provide a basis for the exercise of personal jurisdiction, this Court noted that "[c]ourts in this District and elsewhere have expressed hostility towards finding jurisdiction under such potentially manufactured circumstances." Id. (citing cases) (internal quotation marks and citation omitted). This Court also acknowledged, however, that "there is not unanimity on this issue." Id. (emphasis added) Indeed, as Plaintiffs point out, the Second Circuit has stated in dicta that "a single act of shipping a counterfeit . . . bag [to a New York consumer] might well be sufficient, by itself, to subject [a defendant] to the jurisdiction of a New York court." Chloe v. Queen Been of Beverly Hills, LLC, 616 F.3d 158, 170 (2d Cir. 2010).

8

Under these circumstances, it cannot be said that Plaintiffs engaged in bad faith or vexatious conduct amounting to an abuse of the judicial process. While this Court concluded that it lacked personal jurisdiction, that finding is not a sufficient basis for granting an attorneys' fee award under the Court's inherent authority. See R & R (Dkt. No. 44) at 6 n.3 (citing Chambers, 501 U.S. at 45-46)

## CONCLUSION

The Court adopts the findings and conclusions in Judge Gorenstein's Report and Recommendation as set forth above. Defendants' motion for an award of attorneys' fees and costs is denied. The Clerk of the Court is directed to terminate the motion (Dkt. No. 35) and to close this case.

Dated: New York, New York
       March 17, 2014

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

9